# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**RONALD MEDINA,**

    Plaintiff,

vs.                                                   Civ. No. 01-1117 MCA/DJS

**JO ANNE B. BARNHART,
Commissioner of Social Security,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand for a Rehearing filed July 18, 2002. (Docket No. 12). The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the court finds that the motion is well taken.

## PROPOSED FINDINGS

### I. PROCEDURAL RECORD

1.     Plaintiff Ronald Medina filed an application for benefits on January 6, 1999 alleging a disability since December 1, 1997, due to polyarthralgia. Tr. 70. The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on April 6, 2000. At the hearing, the Plaintiff

was represented by an attorney. On July 28, 2000, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. § 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The claimant has not engaged in post-onset substantial gainful activity; the claimant's polyarthralgia is a severe impairment; the severity of the claimant's impairment does not meet or equal a listed impairment; the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision; the claimant has a residual functional capacity for the performance of "sedentary" work; the claimant is unable to perform his past relevant work; the claimant's capacity for sedentary work has not been compromised by any nonexertional limitations; and the claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision. Tr. 17-18.

2. On the date of the ALJ's decision Plaintiff was 44 years old. He had a 12th grade education. His past work experience was as a carpenter and minor. Tr. 13.

3. The ALJ entered his decision on December 13, 2000. Thereafter, the Plaintiff filed a request for review. Tr. 7. On July 19, 2001, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 5. The Plaintiff subsequently filed his complaint for court review of the ALJ's decision on September 25, 2001.

## II. STANDARD OF REVIEW

4. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting

Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

     5.    In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

     6.    At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities and his impairment meets or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III. DISCUSSION

     7.    Plaintiff asserts that the ALJ erred in 1) applying the grids; 2) failing to make a credibility analysis; 3) failing to obtain the testimony from a vocational expert; and 4) failing to consider the combined effects of Plaintiff's impairments.

8. Plaintiff has been diagnosed with polyarthralgia which is pain in the joints. Dorland's Medical Dictionary, 23rd. ed. (W.B. Saunders Company, 1982). Tr. 129, 135, 140, 144. There is also evidence in the record that he has been diagnosed with rheumatoid arthritis. Tr. 166, 206. The ALJ specifically found that Plaintiff's polyarthralgia was severe. Thus, the ALJ found that Plaintiff had a severe painful impairment. However, it is difficult to discern any analysis of Plaintiff's pain or Plaintiff's subjective complaints in her decision. An analysis of pain requires a three-part determination: 1) whether claimant has established, by objective medical evidence, a pain-producing impairment; 2) if so, whether there is a "loose nexus" between that impairment and claimant's subjective complaints of pain; and 3) if so, whether considering all the evidence, claimant's pain is disabling. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994)(*citing* Luna v. Bowen, 834 F.2d 161, 163-64 (10th Cir. 1987). The ALJ erred in failing to do a proper analysis.

9. Further, the ALJ erred in applying the grids without analyzing properly Plaintiff's complaints of pain. It must be determined whether pain is a limitation on Plaintiff's ability to work. If so, pain is considered a nonexertional limitation and the use of the grids is precluded. Huston v. Bowen, 838 F.2d 1125 (10th Cir. 1988).

10. The ALJ did not follow the law concerning her finding that Plaintiff was not credible. The ALJ must make an express credibility determination if she does not believe the plaintiff's testimony concerning pain. A credibility finding must be "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

11. In addition, the ALJ erred in not considering the evidence that the ALJ had been adjudged disabled by the Veterans Administration. Tr. 113. "Although findings by other agencies

are not binding on the [Commissioner], they are entitled to weight and must be considered. Baca v. Dep't of Health & Human Servs., 5 F.3d 476, 480 (10th Cir. 1993).

**RECOMMENDED DISPOSITION**

I recommend finding that the ALJ did not apply the correct legal standards and his decision is not supported by substantial evidence. The Plaintiff's Motion to Reverse and Remand for a Rehearing, filed, July 18, 2002 should be GRANTED.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**